Martin, J.
This case was lately before us, 9 Martin, 381, and was remanded for a new trial. It is an application for judgment against bail, on notice. The defendant, in his answer, denied that he sealed and delivered the bond; averred that no bail was prayed for; that the sheriff was not authorised by law to take or demand any, neither did he take any bond in the legal form: farther, that the original defendant, J. or Jacob Fry, was never arrested by the sheriff; that all the proceedings were irregular, nor was any judgment rendered *181 on said suit, nor was any legal writ of ca. sa. or fi. fa. issued; that admitting the defendant became bail, he is not bound to pay any money whatever; that Fry, the original defendant, is dead.
The following facts were found by a jury—
The defendant did not put any seal of wax to the bail bond. Instead of a seal, are the letters, L.S. There is no other seal. There is no proof of Fry’s death.
There was judgment for the plaintiff, and the defendant appealed.
The defendant assigned as errors, apparent on the record, that no proof was given of the assignment of the bond by the sheriff, and that the fi. fa. issued four days after the judgment.
1. The sealing, or formal delivery of a bond or obligation, is not required by any law of the state.
2. Nothing renders it necessary, that the plaintiff should pray for bail in the petition, nor that his attorney should require the sheriff to demand it. The officer must, himself, require it, in cases in which it is by law to be taken.
3. A bail bond in the regular form appears, and the sheriff's deputy has sworn that J. Fry was arrested.
Workman for the plaintiff, Hennen for the defendant.
4. We find on the record, regular proceedings to judgment, and a fi. fa. and ca. sa.
5. We have lately decided, that the signature of the sheriff to a bail bond, is a matter of record, and need not be proven.
6. I do not know that any thing prevents the execution from issuing till ten days after the judgment is signed; though the party may appeal and stay it. In such a case, it would be staid in the sheriff's hands.
I think the judgment ought to be affirmed with costs.